IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

HK HOLDINGS, LLC,                    )    Civ. No. 21-00233 HG-WRP
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )
                                     )
                                     )
AVEMCO INSURANCE COMPANY; JOHN       )
DOES 1-20; JANE DOES 1-20; DOE       )
ENTITIES 1-20; DOE INSURANCE         )
ENTITIES 1-20,                       )
                                     )
          Defendants.                )
                                     )
                                     )
_____)

**ORDER GRANTING PLAINTIFF HK HOLDINGS, LLC'S MOTION TO REMAND**
**(ECF No. 15)**

Defendant AVEMCO Insurance Company ("AVEMCO") issued an Employment Practices Liability Insurance Policy to Plaintiff HK Holdings, LLC ("HK Holdings") for a policy period of January 7, 2020 to January 7, 2021.

On July 21, 2020, HK Holdings was sued in a proposed class action in Hawaii State Court by employees of a restaurant that it operates in Honolulu.

HK Holdings tendered the class action complaint to AVEMCO pursuant to the Employment Practices Liability Insurance Policy. Defendant AVEMCO declined coverage.

Plaintiff HK Holdings filed a declaratory judgment action in the Circuit Court of the First Circuit, State of Hawaii, seeking

1

a declaration of rights as to AVEMCO's duty to defend and indemnify it pursuant the Employment Practices Liability Insurance Policy.

Defendant AVEMCO removed the declaratory judgment insurance action from the Circuit Court of the First Circuit, State of Hawaii, to this Court.

Following removal, Plaintiff HK Holdings filed a Motion to Remand.  Plaintiff HK Holdings seeks to remand the declaratory relief insurance action back to Hawaii State Court.

Defendant AVEMCO opposes the Motion to Remand.

PLAINTIFF HK HOLDINGS, LLC'S MOTION TO REMAND (ECF No. 15) is **GRANTED.**

## PROCEDURAL HISTORY

On April 21, 2021, Plaintiff HK Holdings filed the Complaint for Declaratory Judgment in the Circuit Court for the First Circuit, State of Hawaii.  (ECF No. 1-2).

On May 17, 2021, Defendant AVEMCO removed the case from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii.  (ECF No. 1).

On June 7, 2021, Defendant AVEMCO filed a Motion to Dismiss. (ECF No. 13).

Also on June 7, 2021, Plaintiff HK Holdings filed a Motion

2

to Remand.  (ECF No. 15).

On June 15, 2021, the Court issued a Minute Order setting a briefing schedule on Plaintiff's Motion to Remand and holding in abeyance Defendant's Motion to Dismiss until adjudication of the Motion to Remand.  (ECF No. 17).

On June 29, 2021, Defendant AVEMCO filed its Opposition to Plaintiff HK Holdings' Motion to Remand.  (ECF No. 19).

On July 13, 2021, Plaintiff HK Holdings filed its Reply. (ECF No. 19).

The Court elects to decide the Motion to Remand without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

**PLAINTIFF HK HOLDINGS, LLC**

According to the Complaint, HK Holdings, LLC ("HK Holdings") is a limited liability company organized and existing under the laws of the State of Hawaii with its principal place of business in Hawaii.  (Complaint at ¶ 1, ECF No. 1-2).

HK Holdings states that it is the owner/operator of Jade Dynasty Seafood Restaurant in the Ala Moana Shopping Center in Honolulu.  (Motion to Remand at p. 2, ECF No. 15-1).

**DEFENDANT AVEMCO ISSUED AN INSURANCE POLICY TO PLAINTIFF HK HOLDINGS**

Defendant AVEMCO Insurance Company ("AVEMCO") is a

3

corporation organized and existing under the laws of the State of Maryland with its principal place of business in Maryland. (Complaint at ¶ 2, ECF No. 1-1).

On October 18, 2019, Defendant AVEMCO issued an Employment Practice Liability Insurance Policy to Plaintiff HK Holdings for the policy period of January 7, 2020 to January 7, 2021. (Insurance Policy, attached as Ex. 2 to Pla.'s Motion to Remand, ECF No. 15-4).  The policy covers loss for a "Wrongful Employment Act."  (Id. at p. 2).

**HAWAII STATE COURT UNDERLYING CLASS ACTION LAWSUIT**

On July 21, 2020, a proposed class action lawsuit was filed against HK Holdings and several other restaurant owners in the Circuit Court of the First Circuit, State of Hawaii, Moskowitz v. Ho, et al., Civ. No. 1CCV-20-0001040 ("Class Action Complaint"). (Class Action Complaint attached as Ex. 1 to Pla.'s Motion to Remand, ECF No. 15-3).

The underlying state court lawsuit is a proposed class action consisting of:

> All past and present non-management employees of the Restaurants who provided services in connection with the sales of food and/or beverages at the Restaurants for which a service charge or gratuity charge was: (a) applied by the Restaurants, (b) not distributed 100% to said non-management employees as tip income, and (c) charged to the purchaser of the services without clear disclosure that the service charge was being used to pay for costs or expenses other than wages and tips of the non-management employees providing the services.

4

(<u>Id.</u> at pp. 3-4).

The Class Action Suit asserts violations of several Hawaii state statutes including:

    (1)   Chapter 481B of the Haw. Rev. Stat. for **Unfair and Deceptive Practices;**

    (2)   Chapter 480-2 of the Haw. Rev. Stat. for **Unfair Competition and Unfair or Deceptive Acts or Practices in Trade or Commerce;**

    (3)   Chapter 388 of the Haw. Rev. Stat. for **Unlawful Withholding of Wages and Compensation.**

(Class Action Complaint at ¶ 20, ECF No. 15-3).

Plaintiff HK Holdings tendered the Class Action Complaint to Defendant AVEMCO seeking coverage pursuant to the Employment Practice Liability Insurance Policy.  (Motion at p. 4, ECF No. 15-1).

Defendant AVEMCO denied coverage asserting that the Class Action Complaint did not allege a "Wrongful Employment Act" as defined in the Insurance Policy and asserted that the claimed damages sought by the employees did not constitute a "Loss" as defined in the Policy.  (<u>Id.</u>)

**DECLARATORY JUDGMENT INSURANCE ACTION FILED IN HAWAII STATE COURT**

On April 21, 2021, Plaintiff HK Holdings filed a Complaint for Declaratory Judgment against Defendant AVEMCO in the Circuit Court for the First Circuit, State of Hawaii ("Declaratory

5

Judgment Complaint"). (Declaratory Judgment Complaint, ECF No. 1-1). Plaintiff HK Holdings seeks a declaratory judgment that Defendant AVEMCO has a duty to defend and a duty to indemnify HK Holdings against the Proposed Class Action Complaint filed by its employees.

Defendant AVEMCO removed the Declaratory Judgment Complaint from Hawaii State Court to this Court on the basis of diversity jurisdiction. (Notice of Removal at p. 2, ECF No. 1).

Plaintiff HK Holdings filed a Motion to Remand. HK Holdings asserts that jurisdiction in this case is discretionary because it consists of solely a request for declaratory relief and there are no independent monetary claims. HK Holdings argues that this Federal Court should decline jurisdiction to avoid needless determinations of Hawaii state insurance law and to avoid duplicative litigation with the on-going Class Action Complaint in State Court.

<u>**STANDARD OF REVIEW**</u>

**MOTION TO REMAND**

A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c); <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009). Removal of a civil action is permissible if the district courts of the United States have original jurisdiction

6

over the action.  28 U.S.C. § 1441.  There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  The "strong presumption" against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper."  Id.

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  The burden of establishing that diversity jurisdiction exists rests on the party asserting it.  Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).

**THE DECLARATORY JUDGMENT ACT**

Pursuant to the Declaratory Judgment Act, federal courts may declare the rights and other legal relations of any interested

party seeking such declaration.  28 U.S.C. § 2201(a).  A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution.  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

The district court is under no compulsion to exercise jurisdiction pursuant to the Declaratory Judgment Act.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).  The district court has discretion to dismiss or stay the federal action where the case involves **solely** declaratory relief.  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Id.

An exception to the general rule exists when there is a claim for monetary relief.  The district court should not decline jurisdiction when there are independent claims seeking monetary relief that have been joined with an action for declaratory relief.  United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1112-13 (9th Cir. 2001).

## ANALYSIS

### I.   Diversity Jurisdiction

As a preliminary matter, the Court must consider whether there is statutory jurisdiction.  A lawsuit seeking federal declaratory relief "must also fulfill statutory jurisdictional prerequisites."  Dizol, 133 F.2d at 1222-23 (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672 (1950)).

Defendant AVEMCO removed this action based on diversity jurisdiction.  Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

Plaintiff HK Holdings is a limited liability company organized under the laws of the State of Hawaii with its principal place of business in Hawaii.  (Declaratory Judgment Complaint at ¶ 1, ECF No. 1-2).

Defendant AVEMCO is incorporated in Maryland with its principal place of business in Maryland.  (Id. at ¶ 2).

There is complete diversity between Plaintiff and Defendant named in the Declaratory Judgment Complaint.  The case involves a dispute of more than $75,000.

The Court's jurisdictional inquiry does not end pursuant to diversity jurisdiction in this case.  Federal jurisdiction is discretionary, even when complete diversity is present, when the

complaint is limited to claims for declaratory judgment.  <u>Dizol</u>,
133 F.3d at 1222-23.

## II.  <u>Court's Discretion To Decline To Exercise Jurisdiction</u>

Defendant AVEMCO issued an Employment Practices Liability
Insurance Policy to HK Holdings for a policy period of January 7,
2020 to January 7, 2021.

In July 2020, HK Holdings was sued in a Class Action
Complaint by its employees for violations of Hawaii state
statutes involving unfair and deceptive trade practices, unfair
competition, and wage and hour laws.

HK Holdings tendered the Class Action Complaint to AVEMCO
seeking coverage pursuant to the Insurance Policy issued to it
from AVEMCO.  AVEMCO denied coverage.

HK Holdings filed a Declaratory Judgment Complaint seeking a
declaration that AVEMCO has a duty to defend and a duty to
indemnify it in the Class Action Suit filed in Hawaii State Court
by its employees.  HK Holdings seeks attorneys fees related to
the duty to defend the Class Action Complaint.

Defendant AVEMCO removed the Declaratory Judgment Complaint
to this Court based on diversity jurisdiction.

Plaintiff HK Holdings asks this Court to remand the
Declaratory Judgment Complaint to avoid the Federal Court from
making needless determinations of Hawaii state insurance law and

10

to avoid inconsistent rulings with the Class Action Suit in Hawaii State Court.

### A. Declaratory Judgment Complaint Does Not Contain A Breach Of Contract Claim

As an initial matter, Defendant AVEMCO argues that the Court has mandatory jurisdiction because it alleges that Plaintiff HK Holdings' Complaint for Declaratory Relief should be construed as a breach of contract claim.

The Ninth Circuit Court of Appeals applies the principle that when claims of breach of contract or bad faith are joined in an action for declaratory relief, the district court, as a general rule, may not decline jurisdiction. United Nat'l Ins. Co v. R & D Latex Corp., 242 F.3d 1102, 1112 (9th Cir. 2001).

Despite this general rule, the presence of claims for monetary relief do not require the district court to accept jurisdiction when the action is declaratory in nature as pled by the plaintiff. Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir. 1995). The district court must analyze whether there is a claim for monetary relief that is independent, in the sense that it could be litigated in federal court even if no declaratory claim had been filed. United Nati'l Ins. Co., 242 F.3d at 1113.

First, there is no claim for breach of contract in the Complaint. (Complaint, ECF No. 1-2). Defendant AVEMCO's attempt

11

to recharacterize Plaintiff's Declaratory Insurance Complaint as one for breach of contract has been routinely rejected in this District.  See PSC Indus. Outsourcing, LP v. Burlington Ins. Co., Civ. No. 10-00751 ACK-BMK, 2011-BMK, 2011 WL 1793333, *9 (D. Haw. May 10, 2011).  Defendant's reliance on caselaw from jurisdictions outside of the Ninth Circuit Court of Appeals is not persuasive.  (Opposition at pp. 9-10, ECF No. 18).

Defendant cites to Choy v. Cont'l Cas. Co., Civ. No. 15-00281 SOM-KSC, 2015 WL 7588233 (D. Haw. Nov. 25, 2015) in support of its argument that Plaintiff HK Holdings' Complaint is actually one for breach of contract.  Choy does not support Defendant's position.  The district court in Choy did not find that the declaratory judgment complaint in that case was actually a breach of contract claim in disguise.  To the contrary, the court found that there was no independent claim for monetary relief, it granted plaintiff's motion to remand the case, and it declined jurisdiction over the insurance company's removal of the complaint for discretionary relief.  Choy actually supports Plaintiff HK Holdings' position in this case.

HK Holdings' request for attorneys' fees in the Complaint does not alter the analysis.  It is well settled that a request for attorneys' fees relating to a duty to defend pursuant to Haw. Rev. Stat. § 431:10-242 does not render the exercise of jurisdiction mandatory.  Keown v. Tudor Ins. Co., 621 F.Supp.2d

1025, 1030-31 (D. Haw. 2008).

Plaintiff HK Holdings' Complaint is limited to declaratory relief.  The Federal District Court analyzes the three factors set forth by the United States Supreme Court in <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494 (1942) in evaluating whether to decline jurisdiction over a complaint limited to declaratory relief.

### B.   The <u>Brillhart</u> Factors

A District Court is under no compulsion to exercise its jurisdiction when the complaint is limited to declaratory relief. 316 U.S. at 494.

A District Court may decline jurisdiction based on its evaluation of whether there is:

    (1)  A Needless Determination Of State Law Issues;

    (2)  Forum Shopping; and,

    (3)  Duplicative Litigation.

<u>Dizol</u>, 133 F.3d at 1225 (citing <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367, 1371-73 (9th Cir. 1991)).

The three <u>Brillhart</u> factors require the District Court to balance concerns of judicial administration, comity, and fairness.  <u>Axis Surplus Ins. Co. v. McCarthy/Kiewit</u>, 10-cv-00595 LEK-BMK, 2012 WL 112544, *9 (D. Haw. Jan. 12, 2012) (citing <u>Dizol</u>, 133 F.3d at 1225 and <u>Brillhart</u>, 316 U.S. at 494).

### 1.   Needless Determination Of State Law Issues

A needless determination of state law occurs when:

(1)  there is a parallel state court proceeding;

(2)  Congress has expressly left to the state regulation of the areas of law; or,

(3)  there is no compelling federal interest.

<u>Keown v. Tudor Ins. Co.</u>, 621 F.Supp.2d 1025, 1031 (D. Haw. 2008)(citing <u>Cont'l Cas. Co.</u>, 947 F.2d at 1371-72, overruled on other grounds in <u>Dizol</u>, 133 F.3d at 1225).

### a.   Parallel State Court Proceedings

The meaning of parallel proceedings is construed liberally. Actions are considered "parallel proceedings" when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court. <u>Golden Eagle Ins. Co. v. Travelers Cos.</u>, 103 F.3d 750, 755 (9th Cir. 1996), overruled on other grounds in <u>Dizol</u>, 133 F.3d at 1220.

The Ninth Circuit Court of Appeals' decisions in <u>American National Fire Insurance Co. v. Hungerford</u>, 53 F.3d 1012, 1017 (9th Cir. 1995), overruled in part on other grounds, <u>Dizol</u>, 133 F.3d at 1227, and <u>Golden Eagle Ins. Co. v. Travelers Cos</u>., 103 F.3d 750, 755 (9th Cir. 1996) support remanding the case.

In <u>Hungerford</u>, 53 F.3d at 1017, the Ninth Circuit Court of

Appeals stated that "when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum for a petitioner to bring a related claim."

Similarly, the appeals court in Golden Eagle Insurance Co., 103 F.3d at 755, stated that "[i]t is enough that the state proceedings arise from the same factual circumstances" for the federal court to decline jurisdiction due to a parallel state court proceeding.  See also Emp'r Reinsurance Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995) (finding state and federal actions parallel when the actions raised overlapping, but not identical, factual issues), overruled in part on other grounds, Dizol, 133 F.3d at 1227.

Here, the underlying Class Action Suit brought by HK Holdings' employees is a parallel state court proceedings.  Both the underlying Class Action Suit and the Declaratory Judgment Complaint involve overlapping factual circumstances.  Both cases require factual determinations as to the employment practices of Plaintiff HK Holdings.

Courts have consistently held that the underlying state court proceedings are "parallel state court proceedings" when an insurance company's coverage duties depended on a review of the allegations made in the underlying state court complaints with

15

the insurance policies' provisions.  Catholic Foreign Mission
Soc'y Of Am. v. Arrowood Indem. Co., 76 F.Supp.3d 1148, 1157 (D.
Haw. 2014); Mass. Bay Ins. Co. v. Arcadia Arch. Prods. Inc., 2021
WL 311008, *7 (D. Haw. Jan. 29, 2021).

     Defendant AVEMCO's insurance coverage duties depend on a
review of the allegations made in the underlying Class Action
Complaint with the Employment Practices Liability Insurance
Policy it issued to Plaintiff HK Holdings.  Defendant AVEMCO has
a duty to defend HK Holdings in the Class Action Suit if the
allegations raised in the Class Action Suit raise any possibility
of coverage under its policy.  The duty to indemnify similarly
rests on factual determinations made in the Class Action case.

     The existence of the parallel state court proceedings weighs
strongly in favor of the Court exercising its discretion to
decline to exercise jurisdiction.  See Maryland Casualty Co. v.
Knight, 96 F.3d 1284, 1288 (9th Cir. 1996).

     The fact that Defendant AVEMCO is not a party in the
underlying lawsuit does not affect the analysis.  Underlying
state actions need not involve the same parties to be considered
parallel.  Keown, 621 F.Supp.2d at 1037.  It is enough that the
state proceedings arise from the same factual circumstances as
the federal proceedings.  Choy, 2015 WL 7588233, *4.

### b.    State Regulation Of Insurance Law

It is beyond dispute that Congress has expressly left insurance law to be regulated by the states.  Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 217-19 (1979); Allstate Ins. Co. v. Tucknott Elec. Co., Inc., 2014 WL 5408324, *3 (N.D. Cal. Oct. 23, 2014) ("Insurance law is an area that Congress has expressly left to the states through the McCarran-Ferguson Act.") (internal quotation marks and citation omitted).

The Proposed Class Action Suit asserts violations of several Hawaii state statutes including violations of Chapters 481B, 480-2, and 388 of the Haw. Rev. Stat.  (Class Action Complaint at ¶ 20, ECF No. 15-3).

The coverage questions raised in this case involve interpretation of terms in the Employment Practices Liability Insurance Policy, an area left expressly to the State.  The federal court would be required to determine whether the alleged violations of the Hawaii statutes in the Class Action Suit are covered by the definitions in the insurance policy pursuant to Hawaii law.

This factor supports a finding that the federal proceeding may involve the federal court making unnecessary determinations of state law.

17

### c.   Compelling Federal Interest

The Ninth Circuit Court of Appeals has explained that, "[w]here, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." Cont'l Cas. Co., 947 F.2d at 1371.  There is no compelling federal interest in this case.

All three prongs of the first factor: (1) existence of a parallel state court proceeding; (2) state regulation of insurance law; and (3) lack of compelling federal interest indicate that adjudication of the Declaratory Judgment Complaint may involve determinations of Hawaii state law that are unnecessary.  The Brillhart policy of avoiding unnecessary declarations of state law is especially strong here.  Cont'l Cas. Co., 947 F.2d at 1371.

The first Brillhart factor regarding unnecessary declarations of state law weighs in favor of the Court remanding proceedings.  Dizol, 133 F.3d at 1225.

### 2.   Forum Shopping

In order to balance concerns of judicial administration, comity, and fairness, the second Brillhart factor concerns whether the plaintiff filed the declaratory relief action in federal court as a means of forum shopping.

Forum shopping occurs when an insurer files a federal court

18

declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action.  Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999).

Here, this factor is neutral.  An insurer does not engage in forum shopping simply by removing a case filed by the insured to federal court based on diversity jurisdiction.  Forum shopping generally occurs when a case is brought to federal court when the parties are already engaged in a suit in a different forum or when an insurer files an anticipatory lawsuit in the forum of their choice to gain a tactical advantage.  See Newmont USA Ltd. Am. Home Assur. Co., 2009 WL 1764517 *3 (E.D. Wash. June 21, 2009).  Neither situation is present in this case.

There is no evidence that this case is brought merely for procedural fencing and there is no evidence that Defendant AVEMCO's removal was reactionary or for an improper purpose.  See Moore v. State Farm Mut. Auto. Ins. Co., 2012 WL 6629567, *8 (D. Haw. Dec. 18, 2012).

### 3.   Avoiding Duplicative Litigation

The third Brillhart factor considers whether declining jurisdiction will avoid duplicative litigation.  Conservation of judicial resources is the underlying principle behind this factor.  State Farm Fire & Cas. Co. v. Wilson, 833 F.Supp.2d

1200, 1215 (D. Haw. 2011).

Duplicative litigation may be a concern if determining the insurance company's duties would require the determination of issues that the state court will address in the underlying actions.  Gemini Ins. Co. v. Kukuiula Dev. Co., Civ. No. 10-00637 LEK-BMK, 2011 WL 3490253, *8 (D. Haw. Aug. 10, 2011).

Here, factual issues in the underlying Class Action suit parallel the factual issues that must be resolved to determine the insurance coverage issues.  Mass. Bay Ins. Co., 2021 WL 311008, *9.  The central factual question in the coverage dispute concerns whether HK Holdings engaged in a Wrongful Employment Practice.  The Class Action suit involves overlapping issues with respect to HK Holdings and its employment practices.  The Class Action suit alleges that HK Holdings violated several Hawaii statutes with respect to its employees, including violations of Hawaii wage and hour laws.

The third Brillhart factor weighs in favor of declining jurisdiction and remanding proceedings.  See Catholic Foreign Mission Soc'y Of Am. Inc., 76 F.Supp.3d at 1160-61.

In total, the three Brillhart factors favor this Court remanding proceedings.

C.    **The Dizol Factors**

The Brillhart factors are not exhaustive.  The Ninth Circuit

20

Court of Appeals in <u>Dizol</u> explained that the district court should also consider the following factors:

> (1)   whether the declaratory action will settle all aspects of the controversy;
>
> (2)   whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue;
>
> (3)   whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage;
>
> (4)   whether the use of a declaratory action will result in entanglement between the federal and state court systems;
>
> (5)   the convenience of the parties; and,
>
> (6)   the availability and relative convenience of other remedies.

<u>Dizol</u>, 133 F.3d at 1225 n.5.

<u>First</u>, the declaratory action in federal court will not settle all aspects of the controversy.  Proceeding in federal court could lead to piecemeal litigation.  The underlying Proposed Class Action case involves state law questions of employee's wage and hour claims and unfair and deceptive acts and practices.  The Declaratory Judgment Insurance Action here will not resolve the merits of the underlying Class Action Lawsuit. <u>See</u> <u>Ford v. State Farm Mut. Auto. Ins. Co.</u>, Civ. No. 16-00220 JMS-KJM, 2016 WL 6275181, *8 (D. Haw. Aug. 31, 2016), report and recommendation adopted 2016 WL 5339348 (D. Haw. Sept. 22, 2016). The Declaratory Judgment Insurance Action is limited to questions of duties to defend and indemnify Plaintiff based on the claims

21

raised in the underlying Proposed Class Action.

Second, although the declaratory action would serve a useful purpose in clarifying the legal relationship between HK Holdings and AVEMCO, it will not serve to streamline the underlying Class Action proceedings.  The two lawsuits have overlapping issues and maintaining actions in separate forums would entangle the state and federal court systems.  Choy, 2015 WL 7588233, at *9. Maintaining the Declaratory Judgment Insurance Action in this Court would require the federal court to interpret unsettled state statutory law issues.  Remanding proceedings to state court allows the Hawaii state court to make consistent rulings on Hawaii state law without entangling the forums.

Third, the state court forum would provide as convenient of a forum to the Parties as the Hawaii federal court and would avoid duplicative litigation.  Dizol, 133 F.3d at 1225 n.5.

Finally, there are procedural considerations of maintaining suits in two separate forums that favor remanding proceedings.

Both the Brillhart and Dizol factors favor that this Court exercise its discretion to remand proceedings.

### CONCLUSION

PLAINTIFF HK HOLDINGS, LLC'S MOTION TO REMAND (ECF No. 15) is **GRANTED.**

The case is **REMANDED** to the Circuit Court of the First

22

Circuit, State of Hawaii for further proceedings.

Defendant AVEMCO Insurance Company's Motion to Dismiss (ECF No. 13) is **MOOT** as the matter is remanded to the state court.

The Clerk of Court is directed to transfer this case and all files herein to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO ORDERED.

DATED: September 14, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

HK Holdings, LLC v. AVEMCO Insurance Company; Civ. No. 21-00233 HG-WRP; **ORDER GRANTING PLAINTIFF HK HOLDINGS, LLC'S MOTION TO REMAND (ECF No. 15)**